UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

KIMBERLY PERKINS,

   Plaintiff,

v.

BRIAN DENNIS,

   Defendant.

Civil Action No. TDC-16-2865

MEMORANDUM OPINION

Kimberly Perkins has filed this action against Brian Dennis seeking an order restraining Dennis from contacting her, going to her home, or going to their mutual workplace. Pending before the Court is Defendant's Motion to Dismiss. For the reasons set forth below, the Motion is granted in part and denied in part.

BACKGROUND

Perkins and Dennis are employees of the National Transportation Safety Board ("NTSB") and work at NTSB headquarters in Washington, D.C. Perkins is a contract specialist, and Dennis is a management support specialist. In 2014, NTSB suspended Dennis for 30 days after it concluded that he had "made comments and sent emails of a sexual nature to Perkins and other female employees." Brown Decl. ¶ 8, ECF No. 14-2; see Pet. Peace Order & Addendum, ECF No. 2, at 2-3. NTSB informed Dennis that he was not to contact Perkins again.

On August 8, 2016, Perkins filed a Petition for Peace Order in the District Court of Maryland for Prince George's County after Dennis had contacted her the previous month through a work email. She requested an order restraining Dennis from contacting, attempting to

contact, or harassing her; going to her home; or going to their mutual workplace. The court issued a Temporary Peace Order on August 8, 2016 after finding "reasonable grounds to believe" that Dennis had harassed her within the last 30 days and that he was "likely to commit a prohibited act against" her in the future. Temporary Peace Order, ECF No. 2, at 5. The Order prohibited Dennis from, among other things, contacting her, entering her home, or going to NTSB headquarters.

The United States ("the Government"), on behalf of NTSB, removed the action to this Court on August 15, 2016, the day before the scheduled final peace order hearing. The Government then filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction. In her Response to the Motion, Perkins included a request for monetary relief "due to negligence by the Agency," which she labeled as a Motion for Sanctions. Resp. 5, ECF No. 17.

## DISCUSSION

The Government, on behalf of NTSB and Dennis, is seeking dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(1). The Government contends that this Court does not have subject matter jurisdiction over the action because sovereign immunity has not been waived. It is the plaintiff's burden to show that subject matter jurisdiction exists. *Evans v. B.F. Perkins Co., Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). Rule 12(b)(1) allows a defendant to move for dismissal when it believes that the plaintiff has failed to make that showing. When a defendant asserts that the plaintiff has failed to allege facts sufficient to establish subject matter jurisdiction, the allegations in the complaint are assumed to be true under the same standard as in a Rule 12(b)(6) motion, and "the motion must be denied if the complaint alleges sufficient facts to invoke subject matter jurisdiction." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009). When a defendant asserts that facts outside of the complaint deprive

2

the court of jurisdiction, the Court "may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004); *Kerns*, 585 F.3d at 192. The court should grant a Rule 12(b)(1) motion based on a factual challenge to subject matter jurisdiction "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans*, 166 F.3d at 647 (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)).

## I.    Removal

As a threshold matter, the Government properly removed this action under 28 U.S.C. § 1442 with respect to claims arising from workplace conduct. Section 1442 allows "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity," to remove to federal court a civil action against the officer "for or relating to any act under color of such office." 28 U.S.C. § 1442(a)(1) (2012). To qualify for removal, the defendant must raise a "colorable federal defense." *Mesa v. California*, 489 U.S. 121, 129 (1989). Here, Dennis is a federal employee, the basis for Perkin's Petition is activity that occurred at the NTSB office, and the Government, as a result, has raised a colorable defense of sovereign immunity. Courts routinely uphold removal under § 1442 in cases in which a federal employee is the subject of a state court petition for a restraining order or a peace order based on alleged workplace harassment or violence. *See, e.g., Hendy v. Bello*, 555 F. App'x 224, 225-26 (4th Cir. 2014) (upholding removal of a petition for a peace order by a postal worker against her supervisor arising from a workplace fracas); *Sidler v. Snowden*, No. AW-13-658, 2013 WL 1759579, at *1-2 (D. Md. Apr. 23, 2013) (finding that removal was proper as to allegations of misconduct while both parties "were in their regular work environment"); *see also*

*Haynie v. Bredenkamp*, No. 4:16-cv-773 (CEJ), 2016 WL 3653957, at *1 (E.D. Mo. July 8, 2016) (concluding that the removal of claims concerning workplace harassment was proper). Thus, removal of these claims was proper.

## II.    Motion to Dismiss

The Government's argument for dismissal is that sovereign immunity bars the relief sought by Perkins. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *accord Hendy v. Bello*, 555 F. App'x 224, 226 (4th Cir. 2014) (citing *United States v. McLemore*, 45 U.S. 286, 288 (1846)). "[O]fficers acting within their authority generally . . . receive sovereign immunity" because an action against a government official in his official capacity is actually a "suit against the official's office." *Hendy*, 555 F. App'x at 226 (quoting *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)). Here, Perkins has not established either that this action should not be treated as one against the United States or that there has been an express waiver of sovereign immunity. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, waives immunity for suits seeking monetary damages, but does not waive immunity for injunctive relief. 28 U.S.C. § 1346(b)(1); *Hendy*, 555 F. App'x at 226. Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16 (2012), waives sovereign immunity for employment discrimination "suits brought by federal employees against the United States," but only for actions filed in federal court. *Bullock v. Napolitano*, 666 F.3d 281, 284 (4th Cir. 2012). Because the state court lacked subject matter jurisdiction over Perkins's claim for injunctive relief, this Court lacks jurisdiction as well. *See id.* at 286 (stating that in a case removed under 28 U.S.C. § 1442, "[i]f the state court lacks jurisdiction of the subject-matter or of the parties, the federal court acquires none" (quoting *Lambert Run Coal Co. v. Balt. & Ohio R.R.*, 258 U.S. 377, 382 (1922))).

Based on these principles, federal courts regularly dismiss removed state court petitions for restraining orders or peace orders filed by federal employees, based on alleged misconduct in the workplace, to restrain the conduct of a co-worker at a federal office. In *Hendy*, for example, the United States Court of Appeals for the Fourth Circuit dismissed on sovereign immunity grounds a petition for a peace order filed in a Maryland state court by a postal worker seeking to restrain her supervisor from contacting her or going to their workplace. 555 F. App'x at 225; *see also id.* at 226-27 (noting that "prohibiting a federal employee from entering her federal workplace" would interfere with the "performance of a federal employee's duties" and "disturb the federal agency's internal functions"). Other courts in this district have dismissed Maryland petitions for peace orders on the same basis. *See, e.g., Sidler*, 2013 WL 1759579, at *2 (dismissing a petition for a peace order by a civilian employee of the United States Air Force that would have barred his co-worker from contacting him at Andrews Air Force Base); *Richards v. Wallace*, No. WDQ-09-2188, 2009 WL 4884524, at *2- 3 (D. Md. Dec. 10, 2009) (dismissing a petition for a peace order by a Social Security Administration employee to bar her supervisor from contacting her). Thus, to the extent that the Petition seeks to restrain Dennis from contacting Perkins at NTSB based on conduct in the workplace, it is dismissed on sovereign immunity grounds.

The Petition, however, also seeks an order prohibiting Dennis from going to Perkins's home, and the Temporary Peace Order includes the requested prohibition. The Petition does not explicitly allege that Dennis has attempted to contact, stalk, or harass her outside of the workplace. Nevertheless, to the extent that the Petition can be construed as seeking to address conduct outside the workplace, including the specific request that Dennis not visit Perkins's residence, such claims would not reasonably be construed as claims against Dennis in his

capacity as a federal employee and thus would not implicate sovereign immunity. The Court will therefore remand any such remaining claims to the state court. *See Haynie*, 2016 WL 3653957, at *1.

### III. Motion for Sanctions

Finally, the Court notes that Perkins included in her Response a Motion for Sanctions requesting relocation aid and monetary relief "due to negligence by the Agency." Resp. 5. To the extent that Perkins seeks sanctions based on the Government's conduct during the course of this case, she has not cited a specific violation of the Federal Rules of Civil Procedure, and the Court discerns none. To the extent that Perkins seeks to add a negligence claim, she cannot do so merely by raising the issue in her brief. *See Zachair, Ltd. v. Driggs*, 965 F. Supp. 741, 748 n.4 (D. Md. 1997) ("[The plaintiff] is bound by the allegations contained in its complaint and cannot, through the use of motion briefs, amend the complaint."), *aff'd*, 141 F.3d 1162 (4th Cir. 1998); *Mylan Labs., Inc. v. Akzo, N.V.*, 770 F. Supp. 1053, 1068 (D. Md. 1991) ("[I]t is axiomatic that the complaint may not be amended by the briefs in opposition to a motion to dismiss." (alteration added) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984))), *aff'd* 2 F.3d 56 (4th Cir. 1993). Moreover, even if the Court were liberally to construe the Motion as a Motion for Leave to Amend the Complaint to add a claim for damages, such a claim would be properly construed as an FTCA claim, for which the Court would lack jurisdiction unless Perkins had exhausted administratively remedies. *See* 28 U.S.C. § 2675; *Kokotis v. U.S. Postal Serv.*, 223 F.3d 275, 278 (4th Cir. 2000). Because neither the Petition nor Perkins's Response alleges that Perkins has complied with this requirement, the amendment would be futile. *See Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (stating that leave to amend should be denied if "the amendment would be futile"). The Court therefore

denies Perkins's Motion. To the extent that Perkins seeks relief from the alleged misconduct of Dennis, her remedy lies with the federal equal employment opportunity process which she has already initiated through the filing of a complaint with the U.S. Equal Employment Opportunity Commission.

## CONCLUSION

For the foregoing reasons, Dennis's Motion to Dismiss is GRANTED IN PART and DENIED IN PART. The Motion to Dismiss is granted as to Perkins's request for injunctive relief prohibiting Dennis from either contacting Perkins at work or going to their mutual workplace. The Motion to Dismiss is denied as to any claims regarding conduct outside the workplace. The Clerk shall REMAND any such claims to the state court. Perkins's Motion for Sanctions is DENIED. A separate Order shall issue.

Date: March 30, 2017

THEODORE D. CHUANG
United States District Judge